# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY HENDRY RIVERA GUTIERREZ,<br><br>Petitioners,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER,<br><br>Respondents. | Case No. 1:26-cv-03404-JLT-EPG-HC<br><br>ORDER GRANTING PETITIONER'S MOTION FOR LEAVE TO FILE SUPPLEMENT<br><br>(ECF No. 25)<br><br>ORDER DIRECTING CLERK OF COURT TO FILE ECF NO. 25-1 AS SUPPLEMENT TO PETITION |

Petitioner is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On August 3, 2026, Petitioner filed a motion for leave to file supplement. (ECF No. 25.) To date, no opposition or statement of non-opposition has been filed, and the time for doing so has passed. See L.R. 230(c).

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d). See Mayle v. Felix, 545 U.S. 644, 655 (2005) (noting Federal Rule of Civil Procedure 15 is applicable to habeas proceedings). "Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings. The rule is a tool of judicial economy and convenience. Its use is therefore favored." Keith v. Volpe, 858 F.2d 467, 473 (9th Cir. 1988). Courts "liberally construe Rule 15(d) absent a showing of prejudice to the defendant." Id. at 475. Here, the "interests of judicial economy and the liberal interpretation of Rule 15(d) favor granting leave to file the supplemental [petition] in this case." Id. at 476.

"Pursuant to section 636, magistrate judges may hear and determine nondispositive matters, but not dispositive matters[.]" Mitchell v. Valenzuela, 791 F.3d 1166, 1168 (9th Cir. 2015) (citing Hunt v. Pliler, 384 F.3d 1118, 1123 (9th Cir. 2004)). "To determine whether a motion is dispositive, we have adopted a functional approach that looks to the effect of the motion, in order to determine whether it is properly characterized as dispositive or non-dispositive of a claim or defense of a party." Mitchell, 791 F.3d at 1168–69 (internal quotation marks omitted) (quoting Flam v. Flam, 788 F.3d 1043, 1046 (9th Cir. 2015)). "Under our caselaw, to determine whether a magistrate judge's ruling denying a motion is dispositive, we examine whether the denial of the motion effectively disposes of a claim or defense or precludes the ultimate relief sought." Bastidas v. Chappell, 791 F.3d 1155, 1164 (9th Cir. 2015) (citing S.E.C. v. CMKM Diamonds, Inc., 729 F.3d 1248, 1260 (9th Cir. 2013); Flam, 788 F.3d at 1046). Given that granting the unopposed motion to supplement in the instant proceeding "[does] not dispose of any claims or defenses and [does] not effectively deny . . . any ultimate relief sought," Mitchell, 791 F.3d at 1170 (internal quotation marks and citation omitted), the undersigned has authority to grant the motion.

Based on the foregoing, the Court HEREBY ORDERS that:

1. Petitioner's motion for leave to file supplement (ECF No. 25) is GRANTED;
2. The Clerk of Court is DIRECTED to file ECF No. 25-1 as a Supplement to the Petition;
3. Within twenty-one (21) days of the date of service of this order, Respondents SHALL FILE a response to the Supplement; and
4. Within fourteen (14) days of the date of service of Respondents' response, Petitioner MAY FILE a reply.

IT IS SO ORDERED.

Dated: **August 18, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE