# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY HENDRY RIVERA GUTIERREZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER,<br><br>Respondent. | Case No. 1:26-cv-03404-JLT-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS, DENY SUPPLEMENTAL PETITION FOR WRIT OF HABEAS CORPUS, AND DENY MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(ECF Nos. 2, 15, 27) |

Petitioner, represented by counsel, is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth herein, the undersigned recommends dismissing the first amended petition, denying the supplemental petition, and denying the motion for temporary restraining order as moot.

**I.**

**BACKGROUND**

Petitioner is a citizen of Honduras who entered the United States without inspection as an unaccompanied minor and was apprehended in San Luis, Arizona, on or about June 6, 2021. (ECF No. 15 at 9, 10.[1]) Petitioner was released from custody and remained at liberty in the community for years. Petitioner was placed in removal proceedings that were administratively closed on August 1, 2023. (ECF No. 15 at 11.)

[1] Page numbers refer to ECF page numbers stamped at the top of the page.

On January 27, 2026, the Drug Enforcement Administration ("DEA") conducted an operation in San Francisco and Petitioner was arrested for alleged state and/or federal controlled-substance offenses. Petitioner's criminal case was declined for prosecution by the United States Attorney's Office and Petitioner was taken into U.S. Immigration and Customs Enforcement ("ICE") custody. (ECF No. 15 at 12.)

On February 17, 2026, Petitioner, with the assistance of counsel, filed his first federal petition for writ of habeas corpus ("Petition I") in this Court. Petition I, J.H.R.G. v. Andrews, No. 1:26-cv-01389-JLT-EPG (E.D. Cal. Feb. 17, 2026), ECF No. 1. Therein, Petitioner raised procedural and substantive due process claims and argued, *inter alia*, that he had a protected liberty interest in his continued release that mandated a hearing before any re-arrest or revocation of release from custody. Id. On March 4, 2026, this Court granted Petition I and ordered Respondents "to provide Petitioner a substantive bond hearing" where "the government SHALL bear the burden of proving by clear and convincing evidence that Petitioner is a flight risk or that he poses a danger to the community if he is released." J.H.R.G. v. Andrews, No. 1:26-cv-01389-JLT-EPG, 2026 WL 612628, at *2 (E.D. Cal. Mar. 4, 2026).

On March 10, 2026, an immigration judge ("IJ") held a bond hearing and found that the Department of Homeland Security ("DHS") met its burden to show by clear and convincing evidence that Petitioner is a danger and flight risk. (ECF No. 15-2 at 15–16.) On March 20, 2026, Petitioner filed a motion to enforce judgment, which this Court denied on May 22, 2026. J.H.R.G. v. Andrews, No. 1:26-cv-01389-JLT-EPG, 2026 WL 1454005 (E.D. Cal. May 22, 2026).

On May 4, 2026, Petitioner, proceeding *pro se*, filed a second petition for writ of habeas corpus and a motion for temporary restraining order in this Court. (ECF Nos. 1, 3.) On May 5, 2026, the Court appointed counsel for Petitioner. (ECF No. 6.) On June 2, 2026, Petitioner, with the assistance of counsel, filed a first amended petition ("FAP"). (ECF No. 15.) On June 8, 2026, Respondents filed a response, and Petitioner filed a reply on June 10, 2026. (ECF Nos. 18, 23.)

On August 3, 2026, Petitioner moved to file a supplemental petition, and Petitioner was granted leave to file a supplemental petition. (ECF Nos. 25, 26.) On August 18, 2026, Petitioner

filed a supplemental petition. (ECF No. 27.) On September 8, 2026, Respondents filed a response to the supplemental petition, and Petitioner filed a reply on September 14, 2026. (ECF Nos. 28, 29.)

## II.

## DISCUSSION

In the FAP, Petitioner raises the following claims for relief: (1) Respondents did not provide an individualized determination of materially changed circumstances and a meaningful opportunity to contest the alleged changed circumstances before re-detention, in violation of Garro Pinchi v. Noem, 792 F. Supp. 3d 1025 (N.D. Cal. 2025); (2) Respondents re-detained Petitioner without advance notice, a pre-deprivation hearing, and meaningful opportunity to contest re-detention, in violation of procedural due process; (3) Petitioner's detention was arbitrary, in violation of substantive due process; (4) the March 10, 2026 bond hearing did not satisfy due process or cure the unlawful re-detention; (5) Respondents failed to provide a meaningful court-ordered custody redetermination; and (6) continued detention under a conclusory bond denial is arbitrary and unreasonable as applied, in violation of due process. (ECF No. 15 at 19–24.)

In the supplemental petition, Petitioner raises a seventh claim, asserting a prolonged detention due process claim. (ECF No. 28.) Specifically, Petitioner argues that "his continued detention has become unreasonable as applied because detention now exceeds six months, the BIA appeal remains pending with no briefing schedule, and the lawfulness of the January 2026 re-detention decision has never been adjudicated." (ECF No. 29 at 4.)

### A. Successive Petition

Respondents argue that the FAP should be dismissed pursuant to 28 U.S.C. § 2244(a). (ECF No. 18 at 3.) "However, § 2244(a) cannot apply to a § 2241 petition filed by an [immigration] detainee . . . because § 2244(a) bars successive petitions seeking review of the propriety of a detention '*pursuant to a judgment of a court of the United States.*'" Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) (emphasis in original). Petitioner's immigration detention is "not pursuant to a judgment of a court of the United States. As such, the district

court [would] err[] in applying AEDPA's gatekeeping provisions to [Petitioner]'s § 2241 petition." Barapind, 225 F.3d at 1111. Accordingly, the undersigned recommends finding that dismissal is not warranted pursuant to 28 U.S.C. § 2244(a).

**B. Abuse of Writ**

Respondents also argue that the FAP should be dismissed as an abuse of the writ. (ECF No. 18 at 3. The common law "doctrine of abuse of the writ generally 'forbids the reconsideration of claims that were or could have been raised in a prior habeas petition.'" Alaimalo v. United States, 645 F.3d 1042, 1049 (9th Cir. 2011) (citation omitted). A "successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain the claim." Alaimalo, 645 F.3d at 1049 (citations omitted).

Petitioner clarifies that he "does not ask this Court to decide, as a matter of enforcement of Judge Thurston's order, that the March 10 hearing was inadequate. Nor does Petitioner ask this Court to reweigh the IJ's danger or flight-risk findings." (ECF No. 23 at 5.) "To the extent the First Amended Petition can be read as asserting free-standing claims that the March 10 bond hearing violated Judge Thurston's order or that the IJ abused her discretion in denying bond, Petitioner does not pursue those theories here." (Id.) Petitioner contends that this "narrowing substantially reduces the successive-petition concern." (Id.) Petitioner asserts that the Court's order denying the motion to enforce "did not decide whether ICE lawfully re-detained Petitioner in January 2026, whether *Garro Pinchi v. Noem*, No. 25-cv-05632-PCP, 2025 WL 3691938 (N.D. Cal. Dec. 19, 2025) applies, whether Petitioner's ORR-related release required materially changed circumstances before re-detention, whether ICE provided pre-deprivation process, or whether Respondents must produce the records bearing on the prior-release and re-detention claim." (ECF No. 23 at 2.) Although the order denying the motion to enforce did not address the lawfulness of Petitioner's January 2026 re-detention, the order granting Petition I did adjudicate that issue.

In both Petition I and the FAP, Petitioner challenged his re-detention on due process

grounds. (ECF No. 15 at 19–21; Petition I at 22–23, J.H.R.G., No. 1:26-cv-01389-JLT-EPG, ECF No. 1.) The Court granted Petition I "for the reasons stated in," *inter alia*, "*J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut*, No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025)." J.H.R.G., 2026 WL 612628, at *2, 1. J.S.H.M., Ortiz Donis, and M.R.R. all concerned petitioners who had previously been released from immigration custody and re-detained without a pre-deprivation hearing and discussed and cited to Garro Pinchi with approval. For the petitioners who allegedly violated reporting requirements, the Court found a post-deprivation bond hearing where the government bore the burden of proof by clear and convincing evidence was the appropriate remedy. See M.R.R. v. Chestnut, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446, at *2, 3, 112, 14 (E.D. Cal. Nov. 24, 2025); J.S.H.M v. Wofford, No. 1:25-CV-01309 JLT SKO, 2025 WL 2938808, at *2, 16, 18 (E.D. Cal. Oct. 16, 2025). Due to Petitioner's arrest during the DEA operation, this Court concluded a post-deprivation bond hearing was the appropriate remedy for Petitioner's re-detention. J.H.R.G., 2026 WL 612628, at *2.

Based on the foregoing, the Court adjudicated the legality of Petitioner's January 2026 re-detention in granting Petition I. Accordingly, the undersigned recommends finding that the abuse of the writ doctrine should apply to Claims One, Two, and Three of the FAP and that those claims should be dismissed.

Additionally, Petitioner has "narrow[ed] away the overlapping bond-hearing theory" and "does not pursue" "the bond-hearing claims." (ECF No. 23 at 4, 12.) Accordingly, the undersigned recommends dismissing Claims Four, Five, and Six of the FAP.

Supplemental Claim Seven is a prolonged detention claim, which is inherently dynamic and evolves as the time in detention grows longer. Accordingly, the undersigned recommends finding that Supplemental Claim Seven should not be dismissed pursuant to the abuse of the writ doctrine.

**C. Prolonged Detention**

In the Court's previous order granting Petition I, the Court rejected Respondents'

argument that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b). J.H.R.G., 2026 WL 612628, at *1. Petitioner is subject to discretionary detention under § 1226(a), and there is nothing in the record before this Court that Petitioner is being treated as subject to mandatory detention under § 1225(b). "The detention of aliens during removal proceedings has long been upheld as a permissible exercise of the political branches' authority over immigration," and the Ninth Circuit has held that 8 U.S.C. § 1226(a), which "offers substantial procedural protections to detained persons," is not facially unconstitutional. Rodriguez Diaz v. Garland, 53 F.4th 1189, 1193–94 (9th Cir. 2022). In Rodriguez Diaz, the Ninth Circuit denied the petitioner's prolonged detention claim and held that due process did not require a second § 1226(a) bond hearing for a petitioner who had been detained for over fourteen months after his first § 1226(a) bond hearing. 53 F.4th at 1207–14. Petitioner has not established that his case is distinguishable from Rodriguez Diaz and he has been detained for six months after his first bond hearing, far less than fourteen months in Rodriguez Diaz. Accordingly, the undersigned recommends finding that Petitioner is not entitled to relief on his prolonged detention due process claim.

**III.**

**RECOMMENDATION**

Accordingly, the undersigned HEREBY RECOMMENDS that:

1. The first amended petition for writ of habeas corpus (ECF No. 15) be DISMISSED;
2. The supplemental petition for writ of habeas corpus (ECF No. 27) be DENIED; and
3. Petitioner's motion for temporary restraining order (ECF No. 2) be DENIED as moot.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed

within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 21, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE