**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JIMMY HENDRY RIVERA GUTIERREZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER,<br><br>Respondent. | Case No. 1:26-cv-03404 JLT EPG (HC)<br><br>A-Number: 216-986-000<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS, DENYING SUPPLEMENTAL PETITION, DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br><br>(Docs. 2, 15, 27, 30) |

Jimmy Hendry Rivera Gutierrez proceeds with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, which he later supplemented. (Docs. 15, 17.) Petitioner also moved for a temporary restraining order. (Doc. 2.)

The magistrate judge observed that Petitioner previously filed a petition for writ of habeas corpus in *J.H.R.G. v. Andrews*, Case No. 1:26-cv-01389-JLT-EPG, in which Petitioner raised procedural and substantive due process claims, and that "he had a protected liberty interest in his continued release that mandated a hearing before any re-arrest or revocation of release from custody." (Doc. 30 at 2.) The magistrate judge noted the Court granted that petition and ordered Petitioner receive a substantive bond hearing where the government bore the burden of proof. (*Id.*, citing *J.H.R.G. v. Andrews*, 2026 WL 612628, at *2 (E.D. Cal. Mar. 4, 2026).) After an

immigration judge found DHS showed by clear and convincing evidence that Petitioner is a danger and flight risk, Petitioner challenged the bond hearing procedures with a motion to enforce judgment that the Court denied. (*Id.*, citing *J.H.R.G. v. Andrews*, 2026 WL 1454005 (E.D. Cal. May 22, 2026).)

The magistrate judge observed that with the current petition, Petitioner raises the following claims for relief:

> (1) Respondents did not provide an individualized determination of materially changed circumstances and a meaningful opportunity to contest the alleged changed circumstances before re-detention, in violation of Garro Pinchi v. Noem, 792 F. Supp. 3d 1025 (N.D. Cal. 2025); (2) Respondents re-detained Petitioner without advance notice, a pre-deprivation hearing, and meaningful opportunity to contest re-detention, in violation of procedural due process; (3) Petitioner's detention was arbitrary, in violation of substantive due process; (4) the March 10, 2026 bond hearing did not satisfy due process or cure the unlawful re-detention; (5) Respondents failed to provide a meaningful court-ordered custody redetermination; and (6) continued detention under a conclusory bond denial is arbitrary and unreasonable as applied, in violation of due process. [Citation.] In the supplemental petition, Petitioner raises a seventh claim, asserting a prolonged detention due process claim.

(Doc. 30 at 3, citing Doc. 15 at 19-24, Doc. 29 at 4.) However, after Respondents argued the petition is subject to the "abuse of the writ" doctrine (Doc. 18 at 3), Petitioner clarified that he did not ask the Court to find the bond hearing was inadequate or re-weigh the IJ's findings and he "does not pursue"… the bond hearing claims. (Doc. 23 at 5.) As a result, the magistrate judge recommended dismissal of Claims Four, Five, and Six. (Doc. 30 at 5.)

The magistrate judge found "the Court adjudicated the legality of Petitioner's January 2026 re-detention in Petition I," Case No. 1:26-cv-01389. (Doc. 30 at 5.) For this reason, the magistrate judge found the "abuse of the writ doctrine" apples to Claims One, Two, and Three, and recommended the Court dismiss these claims. (*Id.*)

Finally, the magistrate judge found that Petitioner did not show that his detention was unreasonably prolonged, as he was detained for about six months following the bond hearing. (Doc. 30 at 5-6, citing *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1193–94 (9th Cir. 2022).) Therefore, the magistrate judge recommended the Court "find[] that Petitioner is not entitled to relief on his prolonged detention due process claim." (*Id.*)

The Court served the Findings and Recommendations on the parties and notified them that any objections were due in 14 days. (Doc. 30 at 6.) The Court advised the parties "that failure to file objections within the specified time may waive the right to appeal the District Court's order." (*Id.* at 7, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).) Petitioner did not file objections, and the time to do so expired.

According to 28 U.S.C. § 636(b)(1), the Court performed a *de novo* review of the case. Having carefully reviewed the entire matter, the Court concludes that the Findings and Recommendations are supported by the record and proper analysis. As additional time has passed while these Findings and Recommendations were pending, the Court addresses whether Petitioner's detention—now approximately seven months after the March 2026 bond hearing—warrants an additional bond hearing.

The Ninth Circuit considered whether an individual detained under Section 1226(a), such as Petitioner, should receive an additional bond hearing by applying the test identified by the Supreme Court in *Mathews v. Eldridge*, 424 U.S. 391 (1976). Under *Mathews*, the Court considers three factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Rodriguez Diaz*, 53 F.4th at 1207 (quoting *Mathews*, 424 U.S. at 335) (emphasis omitted). Notably, Petitioner's circumstances are similar to the circumstances considered by the Ninth Circuit in *Rodriguez Diaz*.

As to the first factor, the Court will presume—without deciding—that Petitioner's "detention qualifies as 'prolonged' in a general sense," because it has been approximately seven months since the identified bond hearing in December 2025. *See Rodriguez Diaz*, 53 F.4th at 1207 (addressing the detention period of fourteen months after a bond hearing). Although Petitioner has "a legitimate and reasonably strong private liberty interest," the interest is diminished by the fact that he is subject to an order of removal," similar to Rodriguez Diaz. *See*

*id.* at 1208 (*see also* Doc. 18-1 [IJ order dated May 14, 2026, ordering removal]). On the other hand, the Government has interests in keeping a citizen detained during removal proceedings "to increase the chance that, if ordered removed, the aliens will be successfully removed" and "in preventing aliens from remaining in the United States in violation of our law." *Id.* (cleaned up). The Ninth Circuit explained that the Government interests "only increase with the passage of time." *Id.* at 1209. Moreover, as the Ninth Circuit determined in *Rodriguez Diaz* in evaluating the second factor, because Petitioner received a bond hearing with an individualized custody determination and had the right to request a new hearing based upon any material change in circumstances, "the existing agency procedures sufficiently protected [his] liberty interest and mitigated the risk of erroneous deprivation." *See id.* Consistent with the analysis in *Rodriguez Diaz*, the Court finds the *Mathews* factors weigh against Petitioner receiving an additional bond hearing at this time.

Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on September 21, 2026 (Doc. 30) are **ADOPTED**.
2. All claims raised in the First Amended Petition are **DISMISSED**.
3. The supplemental petition for writ of habeas corpus (Doc. 27) is **DENIED** without prejudice.
4. The motion for temporary restraining order (Doc. 2) is **DENIED** as moot.
5. The Clerk of Court is directed to close this case

IT IS SO ORDERED.

Dated: October 26, 2026

[signature] UNITED STATES DISTRICT JUDGE